

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| COMMITTEE FOR A FAIR AND BALANCED MAP, JUDY BIGGERT, ROBERT J. DOLD, RANDY HULTGREN, ADAM KINZINGER, DONALD MANZULLO, PETER J. ROSKAM, BOBBY SCHILLING, AARON SCHOCK, JOHN M. SHIMKUS, JOE WALSH, RALPH RANGEL, LOU SANDOVAL, LUIS SANABRIA, MICHELLE CABALLERO, EDMUND BREZINSKI, and LAURA WAXWEILER,<br><br>    Plaintiffs,<br><br>v.<br><br>ILLINOIS STATE BOARD OF ELECTIONS, WILLIAM M. MCGUFFAGE, JESSE R. SMART, BRYAN A. SCHNEIDER, BETTY J. COFFRIN, HAROLD D. BYERS, JUDITH C. RICE, CHARLES W. SCHOLZ, and ERNEST L. GOWEN,<br><br>    Defendants. | Case No. 1:11-cv-05065<br><br>Judge Joan Humphrey Lefkow<br><br>Magistrate Judge Arlander Keys |

## ORDER REGARDING ELECTION
## ACTIVITIES INVOLVING ILLINOIS PUBLIC ACT 97-14

This matter coming before this Court, and for good cause having been shown, **IT IS HEREBY ORDERED**:

1. In the event that any of the boundary descriptions of the districts described in Illinois Public Act 97-14 are changed as a result of this litigation, the following special conditions shall apply to nominating petitions for all candidates for the office of the United States House of Representatives:

a. No petition signature on an established party petition shall be considered objectionable if it is an original signature, by an Illinois registered voter, and who is a resident of the district described in Illinois Public Act 97-14, which district is identified in the heading of the petition.

For example, Voter A, a resident of Congressional District One, signs a nominating petition for Candidate B, who is seeking the nomination to be the Congressman for District One (as identified in the heading of the petition). As a result of the litigation, the boundaries of District One change such that Voter A is, at the time the petitions are filed, a resident of District Two. In this example, under this special condition, Voter A's signature is not objectionable on the grounds that Voter A is a resident of District Two.

b. No established party petition shall be considered objectionable solely on the grounds that the Congressional District identified in the heading of the petition is different than the Congressional District for which the candidate is seeking nomination.

For example, based on the districts described in Illinois Public Act 97-14, Candidate B circulates petitions for nomination in Congressional District One, and the petitions identify Congressional District One. As a result of the litigation, the district boundaries change such that Candidate B is now seeking the nomination to be Congressman of District Two. In this example, Candidate B's petitions are not objectionable solely on the grounds that the petitions identify Congressional District One.

2. On or before August 30, 2011, defendant Illinois State Board of Elections shall send

written notification to all local and county election officials and all Boards of Election Commissioners in the State using the following language:

**Dear [Insert Office]:**

**Congressional districts for the State of Illinois enacted into law in June 2011 through P.A. 97-14 are currently the subject of federal litigation pending in the United States District Court for the Northern District of Illinois.** *Committee for a Fair and Balanced Map v. Illinois State Board of Elections,* **No. 11-c-5065.**

**Plaintiffs have asked the Court to declare the congressional districts unlawful. In order to avoid any unnecessary expenditures and minimize potential disruption to the electoral process, we hereby advise that any actions you may take based on the current congressional districts created by P.A. 97-14 (***e.g.***, drawing precinct boundaries, mailing voter identification cards, etc.) before the Court has resolved the pending litigation could be rendered inapplicable and unusable if, as a result of the Court's resolution, any of the district boundaries are changed. We will notify you in writing once this litigation has been resolved.**

**Sincerely,**

**Illinois State Board of Elections**

3. Upon entry of this order, Plaintiffs Motion for Preliminary Injunction will be withdrawn.

**SO ORDERED:**

8/23/2011
Date

_____
Judge