# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| COMMITTEE FOR A FAIR AND BALANCED MAP, *et al.*, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 11-C-5065 |
| v. | ) |
| | ) Hon. John D. Tinder |
| ILLINOIS STATE BOARD OF ELECTIONS, | ) Hon. Joan H. Lefkow |
| *et al.*, | ) Hon. Robert L. Miller, Jr. |
| | ) (3-judge court convened pursuant to |
| Defendants. | ) 28 U.S.C. § 2284) |

## DEFENDANTS' NOTICE OF DEPOSITION

TO:    Tyrone C. Fahner
John A. Janicik
Lori E. Lightfoot
Joshua D. Yount
Dana S. Douglas
Thomas V. Panoff
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), a deposition of the Committee for a Fair and Balanced Map (the "Committee") will take place on October 5, 2011 at 10 a.m., before a Court Reporter at the Office of the Illinois Attorney General Lisa Madigan, 100 West Randolph Street, 12th floor, Chicago, IL 60601. The Committee has a duty to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf as to the topics identified in the attached Exhibit A. At least five (5) days before the deposition, the Committee shall, in writing (1) identify the person(s) who will testify on its behalf and, if more than one person is designated, identify the topic(s) identified in Exhibit A, as to which each designated person will testify; and (2) produce all documents related to the topics set forth in Exhibit A. The Committee is hereby notified that its deposition will be recorded with the use of an audio-visual recording device. The deposition will continue from day to day until completed.

Date:    September 7, 2011

Respectfully submitted,
Office of the Illinois Attorney General

By:    _____
       Chief Deputy Attorney General

Brent D. Stratton
Carl Bergetz
Jon Rosenblatt
Office of the Illinois Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
312-814-3000

## EXHIBIT A

1.  The formation of the Committee, including but not limited to the reasons for which it was formed, the method of formation, its founders, its membership when formed, the addresses of its founders and members at formation, and the political party affiliation of those founders and members at formation.

2.  The names, addresses and political party affiliation of current Committee members.

3.  The funding of the Committee, including the sources, amounts and dates on which funds have been received and the circumstances and method of receipt, and any solicitations for funding.

4.  All Committee messages that have been disseminated to the public or to Committee members.

5.  All statements contained on the Committee's website, also known as myvoteshouldcount.com website.

6.  The allegations in Plaintiffs' Complaint, including any and all bases for and evidence supporting such allegations.

7.  The statements made in Plaintiffs' Motion for a Preliminary Injunction and Expedited Discovery, Docket No. 24.

8.  Plaintiffs' proposed redistricting map(s), including those attached as Exhibits A-E to Plaintiffs' Motion for a Preliminary Injunction and Expedited Discovery, Docket No. 24, and all drafts, revisions, alternative proposals and persons involved.

9.  Consultation or engagement of an expert by the Committee regarding the 2011 map for the State of Illinois' Congressional Districts enacted as Illinois P.A. 97-14 or Plaintiffs' proposed redistricting map, including any materials provided to that expert.

## CERTIFICATE OF SERVICE

I, Brent D. Stratton, an attorney, under penalty of perjury, certify that on this September 7, 2011, I served **Defendants' Notice of Deposition** by mailing copies to the listed parties and depositing the same in the United States mail at 100 West Randolph Street, Chicago, Illinois at or before 5:00 p.m., with proper postage prepaid.

Brent D. Stratton

# EXHIBIT 2



## OFFICE OF THE ATTORNEY GENERAL
### STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

September 9, 2011

Via E-Mail Transmission and U.S. Mail
Ms. Lori E. Lightfoot
Ms. Dana S. Douglas
Mr. Thomas V. Panoff
Mayer Brown, LLP
71 S. Wacker Drive
Chicago, IL 60606

Re:   Committee for a Fair and Balanced Map, et al. v. Illinois State Board of
Elections, et al., No. 11 C 5065

Dear Counsel:

This letter states our position with respect to the issues discussed during our telephone conversation today regarding Defendants' discovery.

First, with respect to the Congressional Plaintiffs, it is our position that all such Plaintiffs must be prepared to sit for depositions at our offices as noticed. Naturally, we understand that we will have to accommodate their schedules as to specific dates, although within the time allotted for fact depositions by the Court's Scheduling Order. At this moment, we have no preference as to the order of the depositions. Should we determine that we have a preference regarding the order, we will let you know by next week. To the extent that you inform us that it is impossible for one or more of them to be present at our offices during that time period, we will consider your position and endeavor to work out a mutually-agreeable time and place, although again within the time allotted by the Court. Additionally, we will make ourselves available at virtually any time if that would assist in scheduling the depositions.

Second, with respect to Item nos. 3 and 9 of our 30(b)(6) Deposition Notice, we believe this material is discoverable. We understand that it is your position that it is not relevant, in which case we request that you confirm your position in writing.

Third, with respect to your objection that we have exceeded the number of permitted interrogatories, we respectfully disagree. The majority of our interrogatories that you suggest contain subparts merely regard a request for certain identifying information and often very closely track the interrogatories you sent us (which, if your presumed definition of subparts were applied, also would have exceeded the number permitted). If you disagree, then we might be at an impasse.

Fourth, with respect to your concerns regarding "CVAP" in Interrogatory no. 7, the preferred candidate inquiry in Interrogatory nos. 18 and 19, and the election analyses inquired into by Interrogatory nos. 20 and 21, we believe such material is discoverable. However, if you are either not in possession or control of such information, or believe some of it is protected by

Ms. Lori E. Lightfoot
Ms. Dana Douglas
Mr. Thomas Panoff
September 9, 2011
Page 2

Rule 26 or otherwise should not be provided, please state your position in your response. To be clear, though, we do not expect you to obtain information not in your possession or control to create answers to these interrogatories. On a related note, since the only mention of precinct analyses comes in our requests to produce, we believe it should be provided to the extent you possess or control such documents.

Fifth, regarding Interrogatory nos. 18 and 19, the caselaw makes it clear that historical analyses of past voting patterns and results is a part of analyzing Racial Dilution or Gerrymandering Claims. Therefore, such information going back to 2002 is relevant and discoverable.

Sixth, as to the definition of the term "district demographics" in Request to Produce no. 2, please be advised we are seeking information regarding age, citizenship, race, ethnicity, national origin, and any relevant political party affiliation or registration and voting data.

Seventh, to the extent that you believe that Request to Produce nos. 6 and 7 are improper because they are not limited in temporal scope, we are willing to limit the timeframe to January 1, 2002 to the present.

Eighth, as to the "voting behavior" inquired into by Request to Produce no. 7, we are specifically seeking information regarding voters' candidate preference and voter turnout.

Ninth, with respect to your concerns regarding Request to Produce nos. 15 and 16, we note that this language is nearly identical to the language contained in the subpoenas your clients served on 11 different persons and entities. We similarly are not requesting, or expecting to receive, anything improper or privileged.

Finally, if you decide to file motion for a protective order, we will agree to extend the time to file until September 14, 2011.

If you seek clarification as to any of these issues, or would like to discuss them further, I would be happy to speak with you. Just let me know what time would work for you.

Otherwise, per your request during today's telephone discussion to set a time on Monday to confer regarding Defendants' discovery responses, we are available most of the day. Please let us know what works best for you.

Sincerely,

Brent D. Stratton
Chief Deputy Attorney General
(312) 814-4499

BDS/es

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| COMMITTEE FOR A FAIR AND BALANCED MAP, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 11-C-5065 |
| ILLINOIS STATE BOARD OF ELECTIONS, *et al.*, | ) ) ) | Hon. John D. Tinder Hon. Joan H. Lefkow Hon. Robert L. Miller, Jr. |
| Defendants. | ) ) ) | |

**DEFENDANTS' ANSWERS TO PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION AND INTERROGATORIES**

Defendants ILLINOIS STATE BOARD OF ELECTIONS, WILLIAM M. MCGUFFAGE, JESSE R. SMART, BRYAN A. SCHNEIDER, BETTY J. COFFRIN, HAROLD D. BYERS, JUDITH C. RICE, CHARLES W. SCHOLZ, and ERNEST L. GOWEN (collectively, "the Defendants"), pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, respond to the Plaintiffs' First Set of Requests for Production and Interrogatories as follows:

**GENERAL OBJECTIONS**

1.  The Defendants object to the Plaintiffs' interrogatories and document requests to the extent that they seek to impose obligations that are greater than those imposed by Federal Rules of Civil Procedure 33 and 34 or any other local rule or applicable law.

2.  The Defendants object to the Plaintiffs' interrogatories and document requests to the extent that they seek information subject to the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, or any other applicable privilege or doctrine.

3.     The Defendants object to the Plaintiffs' interrogatories and document requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, and/or seek information or documents that are neither relevant nor likely to lead to admissible evidence in this case.

4.     The Defendants object to the Plaintiffs' interrogatories and document requests insofar as they seek information in possession of the Plaintiffs or third parties.

5.     The Defendants object to the Plaintiffs' interrogatories and document requests to the extent that they prematurely seek information or documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2). The Defendants will provide all such materials to the Plaintiffs pursuant to the dictates of the Court's Scheduling Order and the Federal Rules of Civil Procedure.

6.     The Defendants object to the Plaintiffs' interrogatories and document requests to the extent that, as defined in the Plaintiff's definition of "You" and "Your," the Plaintiffs seek answers and responses on behalf of or regarding former employees, personnel, attorneys, agents, investigators, experts, board members, officers, directors, representatives, or anyone acting in cooperation or concert with them.

7.     Where the Defendants agree to produce documents, they do so only to the extent they currently have possession, custody, or control of any responsive documents. The Defendants' agreement to produce documents in response to any request is not an admission that the Defendants currently have possession, custody, or control of any documents responsive to that request.

8.     The Defendants' decision to answer and respond notwithstanding the objectionable nature of any of these interrogatories or document requests should not be construed as a waiver of any or all of these general objections.

9.     The Defendants reserve the right to supplement their answers and responses to the Plaintiffs' interrogatories and document requests, respectively, as appropriate.

10.     Each of the foregoing general objections is incorporated by reference into each of the specific answers and responses set forth below.

## INTERROGATORIES

**Interrogatory No. 1:**   **For each member of the Illinois State Board of Elections, identify the following:**

**(a)     Positions held on the Illinois State Board of Elections and any subcommittee or department thereof; and**

**(b)     Tenure on the Illinois State Board of Elections.**

**ANSWER:**   The Defendants object to this interrogatory on the grounds that it is overly broad and seeks information that is neither relevant nor likely to lead to admissible evidence in this case.   Subject to these objections and without waiving the same, the Defendants answer as follows below.   The following members were not part of any relevant subcommittee or department.

The Illinois State Board of Elections' (the "Board") members as of July 1, 2011 are:

WILLIAM M. McGUFFAGE
Term started:  May 21, 1998
Term expires:  June 30, 2015

JESSE R. SMART
Term started:  May 10, 2001
Term expires:  June 30, 2015

HAROLD D. BYERS
Term expires:  June 30, 2015

BETTY J. COFFRIN
Term expires:  June 30, 2013

ERNEST L. GOWEN
Term expires:  June 30, 2013

BRYAN A. SCHNEIDER
Term started July 6, 2004
Term expires:  June 30, 2015

JUDITH C. RICE
Term expires:  June 30, 2013

CHARLES W. SCHOLZ
Term expires:  June 30, 2013

The Board's members between January 1, 2010 and July 1, 2011 were:

BRYAN A. SCHNEIDER
Term started:  July 6, 2004

PATRICK A. BRADY
Term started:  October 26, 2005

JOHN R. KEITH
Term 1: April 13, 1988 - July 24, 1990
Term 2 started: April 26, 2001

WILLIAM M. McGUFFAGE
Term started: May 21, 1998

WANDA L. REDNOUR
Term started: February 25, 1988

ALBERT S. PORTER
Term started: November 16, 2000

JESSE R. SMART
Term started: May 10, 2001

ROBERT J. WALTERS
Term started: October 26, 2005

**Interrogatory No. 2:** **Identify all Persons, including but not limited to interns, staff members, employees, personnel, elected officials, and any other agents or representatives of the Board who were involved in the planning, development, negotiation, drawing, revision, re-drawing, and/or implementation of the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan. For each Person identified in response to this interrogatory, identify and describe:**

    **(a)**    **the Person's name, address, telephone number, and employer;**

    **(b)**    **the Person's involvement; and**

    **(c)**    **the time period of the Person's involvement.**

**ANSWER:** The Defendants object to this interrogatory on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Board. In addition, the Defendants object to this interrogatory insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Moreover, the Defendants object to the extent that this interrogatory prematurely seeks information or documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2). Subject to these objections and without waiving the same, the Defendants answer as follows:

The Defendants state that they had no involvement in the planning, development, negotiation, drawing, revision, or re-drawing of Illinois Public Act 97-14 (the "Congressional map"). The Defendants further state that they are aware of the following persons' involvement in their implementation of the Congressional map:

Eric Donnewald, Director, (217) 782-1573
Jayme Sims, Election Specialist, (217) 782-1570
Brian Zilm, Election Specialist, (217) 524-6171
Board Election Training and Resource Development Division
1020 South Spring Street
Springfield Illinois 62704

Kyle Thomas, Director
Board Voter Registration Services Division
1020 South Spring Street
Springfield Illinois 62704
(217) 782-1590

Tim Mapes, former Chief of Staff
Anne Schaeffer
Office of the Speaker of the Illinois House of Representatives

Bob Lindquist
Jillian Stanford
Keith Croteau
GIS Solutions
2612 Farragut Drive
Springfield, Illinois 62704
(217) 726-1501

The Illinois General Assembly appropriated money to the Board in December 2008 in order for it to enter into a services contract with Election Data Services, a Virginia-based company. The Board had no direct involvement with the performance requirements of the contract.

As part of the Board's statutory duties, the Board's Voter Registration Services Division (the "VRSD") compiles a database of voter registration information as provided to it electronically by the Election Authorities ("EAs") on a regular basis, usually nightly. This voter registration data is available to registered political committees for *bona fide* political purposes, and to governmental entities for governmental purposes, but not for commercial solicitation or other business purposes. On or about February 16, 2011, Anne Schaeffer, a staff person in the Office of the Speaker of the Illinois House of Representatives, contacted the Board to request voter registration information for redistricting purposes. On or about February 23, 2011, Kyle Thomas, Director of the VRSD, prepared data files containing voter registration information from December 2008 and December 2010. These data files, which were provided to Schaeffer, contained the information identified in, and were in the same format as, the attached document titled, "Normalized Format."

On or about June 24, 2011, Eric Donnewald, Director of the Board's Election Training and Resource Development Division (the "ET&RD"), contacted Tim Mapes, then Chief of Staff for the Speaker of the Illinois House of Representatives, in order to obtain a copy of the Congressional boundaries as signed into law that day via Illinois Public Act 97-14 (the "Congressional map"). Mapes put Donnewald in touch with Schaeffer to make that request. Donnewald received the boundaries on or about June 27, 2011 in the form of "shapefiles," which are files containing geospatial data. The shapefiles were made publicly available on the Board's Web site at www.elections.il.gov/shape/. On or about June 27, 2011, the ET&RD mailed the shapefiles on compact disks ("CDs") along with a transmittal cover letter to all of the

EAs. During this time period, the Board also responded to e-mails or telephone calls from EAs requesting information on when they were to expect the shapefiles.

The Board had already entered into a contract in or about March 2011 with GIS Solutions ("GISS"), a Springfield-based company, which has the software required to convert shapefiles into readable geographic descriptions, including maps, in order to create metes and bounds descriptions of the Congressional map as required by Illinois Public Act 97-14. Bob Lindquist, a GISS employee, was in charge of converting the shapefiles into readable descriptions. Jamye Sims and Brian Zilm, Election Specialists in the ET&RD, checked for the accuracy and clarity of the descriptions against the map's boundaries and, as part of their review, noted any situations where a district boundary line cut through a commercial or residential building. Per Illinois Public Act 97-14, the EAs are to place those residents that live in commercial or residential buildings that are split by a district boundary line into the lesser populated district. This review process is ongoing, but once completed, the readable geographic descriptions will be forwarded to the EAs, unless specifically requested earlier, and made available on the Board's Web site.

The Board is currently working with GISS, specifically Jillian Stanford and Keith Croteau, to implement a program that would allow the public to view future Congressional and legislative maps interactively on their Web site. In addition, depending on the Democratic and Republican state parties' ultimate plans regarding delegate allocation to their respective, forthcoming national nominating conventions, some of the parties' delegates and alternate delegates may be elected on the basis of Congressional Districts. In such circumstances, the Board calculates the Congressional District-based delegate and alternate delegate allocations by: utilizing a statutory allocation formula, as chosen by each party; determining which precincts fall within each Congressional District; and ascertaining the results of past elections in each precinct and Congressional District as a whole.

The Defendants state further that they had, and continue to have, non-relevant internal communications that solely regard their involvement in the implementation of the Congressional map as described above.

All relevant, non-privileged documents in the Defendants' possession relating to such persons' involvement are attached hereto.

**Interrogatory No. 3:** **Identify all Communications relating to the planning, development, negotiation, drawing, revision, re-drawing, and/or implementation of the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan, including but not limited to, any such Communications with any of the following Persons:**

    **(a)**     **Any Person identified in response to Interrogatory No. 2;**

    **(b)**     **Defendants;**

    **(c)**     **DCCC;**

(d) **Any present and former DCCC staff, personnel, employees, attorneys, agents, investigators, representatives, experts, consultants, or anyone else acting on the DCCC's behalf;**

(e) **Illinois House Redistricting Committee;**

(f) **Illinois Senate Redistricting Committee;**

(g) **Any member of the Illinois General Assembly;**

(h) **Any present and former Illinois General Assembly staff, personnel, employees, attorneys, agents, investigators, representatives, experts, consultants, or anyone else acting on the Illinois General Assembly's behalf;**

(i) **Any current or former member of the United States Congress;**

(j) **Any present and former United States Congress staff, personnel, employees, attorneys, agents, investigators, representatives, experts, consultants, or anyone else acting on the United States Congress' behalf;**

(k) **Any Interest Groups which testified at any Redistricting hearings;**

(l) **Governor Pat Quinn ("Governor"); and**

(m) **Any present and former Governor staff, personnel, employees, attorneys, agents, investigators, representatives, experts, consultants, or anyone else acting on the Governor's behalf.**

**ANSWER:** The Defendants object to this interrogatory on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Board. In addition, the Defendants object to this interrogatory insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Moreover, the Defendants object to the extent that this interrogatory prematurely seeks information or documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2). Subject to these objections and without waiving the same, the Defendants direct the Plaintiffs to the Defendants' Answer to Interrogatory No. 2 for a full description of those relevant, non-privileged communications of which they are aware.

**Interrogatory No. 4:** Identify any and all expert(s) and/or consultant(s) with whom You communicated, directly or indirectly, regarding the planning, development, negotiation, drawing, revision, re-drawing, and/or implementation of the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan. For each expert or consultant, identify and describe:

(a)     The name, title, address, telephone number, and employer of
        the expert/consultant;

(b)     The time period of the expert or consultant's involvement;

(c)     The date, time, location, subject matter and content of each
        Communication with the expert or consultant; and

(d)     The name and contact information of each other Person involved in or
        present during any and all Communications with the expert or
        consultant.

**ANSWER:** The Defendants object to this interrogatory on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Board. In addition, the Defendants object to this interrogatory insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Moreover, the Defendants object to the extent that this interrogatory prematurely seeks information or documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2). Subject to these objections and without waiving the same, the Defendants direct the Plaintiffs to the Defendants' Answer to Interrogatory No. 2 for the identities of any persons with whom the Defendants had relevant, non-privileged communications during the implementation of the Congressional map.

**Interrogatory No. 5:** Identify any and all expert or consultant reports or opinions You reviewed, to which You referred, on which You relied, or on which you plan to rely related to the planning, development, negotiation, drawing, revision, re-drawing, and/or implementation of the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan. For each such report or opinion, provide the date, subject matter, and content of it.

**ANSWER:** The Defendants object to this interrogatory on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Board. In addition, the Defendants object to this interrogatory insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Moreover, the Defendants object to the extent that this interrogatory prematurely seeks information or documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2). Subject to these objections and without waiving the same, the Defendants state that they did not rely on any expert or consultant reports or opinions in their implementation of the Congressional map.

**Interrogatory No. 6:** Identify any and all Communications You have had with any Illinois county or local election board members or officials and/or Boards of Election Commissioners regarding the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan. For all Communications identified, describe the following:

(a)     **Date and time of Communications(s);**

(b)     **Persons involved in the Communication(s);**

(c)     **Location of the Communication(s); and**

(d)     **Subject matter and content of the Communication(s).**

**ANSWER:**     The Defendants object to this interrogatory on the grounds that it is compound, overly broad, vague, ambiguous, and unduly burdensome.   In addition, the Defendants object to this interrogatory insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine.  Subject to these objections, and without waiving the same, the Defendants direct the Plaintiffs to the Defendants' Answer to Interrogatory No. 2 for an identification of all such relevant, non-privileged communications.

**Interrogatory No. 7:** Identify all State Board of Elections procedures used and/or any actions taken by you to implement the Proposed Congressional Plan before or after it was signed into law by the governor of Illinois.

**ANSWER:**     The Defendants object to this interrogatory on the grounds that it is compound, overly broad, vague, ambiguous, and unduly burdensome.   In addition, the Defendants object to this interrogatory insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Moreover, the Defendants object to the extent that this interrogatory prematurely seeks information or documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2).  Subject to these objections and without waiving the same, the Defendants direct the Plaintiffs to the Defendants' Answer to Interrogatory No. 2 for an identification of all such relevant, non-privileged procedures and/or actions.

**Interrogatory No. 8:** Identify the procedures used and/or any actions taken by You to prepare and/or make available to the public a metes and bounds description of the Congressional Districts of the Proposed Congressional Plan as required by Public Act 097-0014.

**ANSWER:**     The Defendants object to this interrogatory on the grounds that it is overly broad and unduly burdensome.  Subject to these objections and without waiving the same, the Defendants direct the Plaintiffs to the Defendants' Answer to Interrogatory No. 2 for an identification of all such relevant, non-privileged procedures and/or actions.

**Interrogatory No. 9:** Identify all Persons who assisted in the preparation of your response to these Interrogatories and the Requests for Production. For each Person identified in response to this interrogatory, identify and describe the Person's name, job title, employer and the Person's involvement.

**ANSWER:** The Defendants object to this interrogatory on the grounds that it is overly broad, vague, and ambiguous. In addition, the Defendants object to this interrogatory insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Subject to these objections and without waiving the same, the Defendants state that Steve Sandvoss, General Counsel of the Board, Eric Donnewald, and Kyle Thomas assisted in the preparation of the Defendants' responses to these interrogatories and document requests.

## REQUESTS FOR PRODUCTION

**Request No. 1:** **All Documents related to the planning, development, negotiation, drawing, revision, re-drawing, or implementation of the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan.**

**RESPONSE:** The Defendants object to this document request on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Illinois State Board of Elections (the "Board"). In addition, the Defendants object insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Moreover, the Defendants object to the extent that this document request prematurely seeks documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2). Further, the Defendants object to the production of internal Board communications regarding implementation as they are neither relevant nor likely to lead to the discovery of admissible evidence in this dispute. Subject to these objections and without waiving the same, the Defendants state that they had no involvement in the planning, development, negotiation, drawing, revision, or re-drawing of Illinois Public Act 97-14 (the "Congressional map") and direct the Plaintiffs' attention to the attached relevant, non-privileged documents regarding implementation of the Congressional map.

**Request No. 2:** **All Documents, including, but not limited to, reports, analyses, electoral data, population data, election results, or other election data reviewed or considered during the planning, development, negotiation, drawing, revision, or re-drawing of the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan.**

**RESPONSE:** The Defendants object to this document request on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Board. In addition, the Defendants object insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Moreover, the Defendants object to the extent that this document request prematurely seeks documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2). Subject to these objections and without waiving the same, the Defendants direct the Plaintiffs' attention to the attached relevant, non-privileged documents.

**Request No. 3:** **All Documents, including without limitation, all data files or any other data type, related to election and/or voter data; election Redistricting software, including, but not limited to, Maptitude and AutoBound shapefiles and data, and/or data from any other District mapping software program(s); Core Report and Compactness report data; and all 2010 Census data used for the purpose of planning and drawing the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan. This Request includes, but is not limited to, data in draft and final form.**

**RESPONSE:** The Defendants object to this document request on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Board. In addition, the Defendants object insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Moreover, the Defendants object to the extent that this document request prematurely seeks documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2). Subject to these objections and without waiving the same, the Defendants direct the Plaintiffs' attention to the attached relevant, non-privileged documents.

Further, the Defendants object to the full production of documents prepared by the Board for the allocation of delegates to the Republican Party national convention and the Democratic Party national convention. As identified in the Defendants' Answer to Interrogatory No. 2, any such calculations are made pursuant to a statutory formula, are extensive and burdensome to produce, and are neither relevant nor likely to lead to the discovery of admissible evidence in this dispute.

The Defendants also object to the production of internal Board communications that solely regard their involvement in the implementation of the Congressional map as described in the Defendants' Answer to Interrogatory No. 2, which are extensive and burdensome to produce and are neither relevant nor likely to lead to the discovery of admissible evidence in this dispute.

**Request No. 4:** **All Documents that constitute, refer, or relate to data files and drafts of data files used to formulate the composition of Districts 3, 4, or 5 of the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan, including Compactness reports, Core Reports, and any 2010 Census processed data used in conjunction with any District mapping software program(s).**

**RESPONSE:** The Defendants object to this document request on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Board. In addition, the Defendants object insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Moreover, the Defendants object to the extent that this document request prematurely seeks documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2). Subject to these objections and without

waiving the same, the Defendants state that they are not in possession of any such relevant, non-privileged documents.

**Request No. 5:** **All draft drawings of any Districts of the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan.**

**RESPONSE:** The Defendants object to this document request on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Board. In addition, the Defendants object insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Moreover, the Defendants object to the extent that this document request prematurely seeks documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2). Subject to these objections and without waiving the same, the Defendants state that they are not in possession of any such relevant, non-privileged documents.

**Request No. 6:** **All Documents that relate to or reflect Communications You have had with any Illinois county or local election board members or officials regarding the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan.**

**RESPONSE:** The Defendants object to this document request on the grounds that it is compound, overly broad, vague, ambiguous, and unduly burdensome. In addition, the Defendants object insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Subject to these objections and without waiving the same, the Defendants direct the Plaintiffs' attention to the attached relevant, non-privileged documents.

Further, the Defendants object to the production of e-mails between the Election Authorities ("EAs") and the Board as they are neither relevant nor likely to lead to the discovery of admissible evidence in this dispute. As identified in the Defendants' Answer to Interrogatory No. 2, any such communications regarded the date and/or time by which the EAs were to expect arrival of the shapefiles on CD.

**Request No. 7:** **All Documents which reflect the following:**

    (a)    **The identity of any experts or consultants who reviewed, commented on, advised, or otherwise rendered any advice, input, or opinion concerning the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan;**

    (b)    **The identity of any experts or consultants who conducted any Racial Bloc Voting or any other racial polarization analyses concerning the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan;**

(c)    Reports or opinions of any expert or consultant used to support the composition of the entire Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan;

(d)    Any analysis, review, study, or consideration undertaken by any expert, consultant, scholar, or other Person concerning the viability of drawing more than one Latino Majority District or one Latino Majority District and one Latino Influence District; and

(e)    Any analysis, review, study, or consideration undertaken by any expert, consultant, scholar, or other Person regarding whether the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan complies with Section 2 of the Voting Rights Act of 1965, 42 U.S.C. §1973, the U.S. Constitution, or the Illinois Constitution.

**RESPONSE:**  The Defendants object to this document request on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Board.  In addition, the Defendants object insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine.  Moreover, the Defendants object to the extent that this document request prematurely seeks documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2).  Subject to these objections and without waiving the same, the Defendants state that they are not in possession of any such relevant, non-privileged documents.

**Request No. 8:**  All Documents that reflect any agreement to engage experts or consultants for the purposes of planning, preparing, drawing, analyzing, or providing supporting evidence for the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan.

**RESPONSE:**  The Defendants object to this document request on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Board.  In addition, the Defendants object insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine.  Moreover, the Defendants object to the extent that this document request prematurely seeks documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2).  Subject to these objections and without waiving the same, the Defendants direct the Plaintiffs' attention to the attached relevant, non-privileged documents.

**Request No. 9:**  All records of payment to any experts or consultants who reviewed, commented on, advised, or otherwise rendered any advice, input, or opinion concerning the Proposed Congressional Plan or any other potential or proposed Illinois Congressional Redistricting plan.

**RESPONSE:** The Defendants object to this document request on the grounds that it is compound, overly broad, vague, ambiguous, unduly burdensome, and requests information that is outside the control of the Board. In addition, the Defendants object insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Moreover, the Defendants object to the extent that this document request prematurely seeks documents relating to, or reports by, experts or consultants retained pursuant to Federal Rule of Civil Procedure 26(a)(2). Subject to these objections and without waiving the same, the Defendants direct the Plaintiffs' attention to the attached relevant, non-privileged documents.

**Request No. 10:** **To the extent not produced in response to other Requests for Production, all Documents identified in or relied upon in your answers to Plaintiffs' Interrogatories.**

**RESPONSE:** The Defendants object to this document request on the grounds that it is compound, overly broad, vague, ambiguous, and unduly burdensome. In addition, the Defendants object insofar as it seeks information subject to the attorney-client privilege, the attorney work-product doctrine, and the common interest doctrine. Subject to these objections and without waiving the same, the Defendants state that they currently have no such other relevant, non-privileged responsive documents. However, the Defendants will seasonably supplement their responses as appropriate.

Dated: September 6, 2011

Respectfully submitted,

LISA MADIGAN,
Attorney General for the State of Illinois

Brent Stratton
Chief Deputy Attorney General

Brent D. Stratton
Carl Bergetz
Jon Rosenblatt
Office of the Illinois Attorney General
100 West Randolph, 12th Floor
Chicago, Illinois 60601
(312) 814-3000
*Attorneys for Defendants*

## **VERIFICATION**

Under penalty of perjury, I declare that I have read the foregoing Defendants' Answers to Plaintiffs' First Set of Interrogatories, and, based on reasonable inquiry, the facts alleged therein are true and correct to the best of my knowledge, information, and belief.

Steve Sandvoss
General Counsel, Illinois State Board of Elections

15