IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| COMMITTEE FOR A FAIR AND BALANCED MAP, *et al.*, | ) ) ) | Case No. 11-C-5065 |
| Plaintiffs, | ) ) | Hon. John D. Tinder |
| v. | ) ) | Hon. Joan H. Lefkow |
| | ) | Hon. Robert L. Miller, Jr. |
| ILLINOIS STATE BOARD OF ELECTIONS, *et al.*, | ) ) | (3-judge court convened pursuant to 28 U.S.C. § 2284) |
| | ) | |
| Defendants. | ) | |

**MOTION IN LIMINE #4
TO BAR PLAINTIFFS' EXPERTS FROM TESTIFYING ABOUT
PARTISAN GERRYMANDER CLAIMS, AND EXHIBITS NOT REFERENCED
IN THEIR REPORTS OR DEPOSITION TESTIMONY**

Defendants, the ILLINOIS STATE BOARD OF ELECTIONS, *ET AL.*, by their attorneys, and, pursuant to Federal Rules of Evidence ("FRE") 402 and 702 and Federal Rule of Civil Procedure ("FRCP") 26, respectfully move this Court for an order *in limine* precluding Plaintiffs' experts, Richard Engstrom and Peter Morrison, from testifying, opining, commenting, or referring to the partisanship claims (Counts V and VI of the Amended Complaint), and documents and exhibits not disclosed as part of their expert opinions pursuant to FRCP 26(a)(2)(B) and 26(e)(2). In support, Defendants state as follows:

On September 19, 2011, Plaintiffs disclosed Richard Engstrom and Peter Morrison as their experts. Neither the reports submitted by Engstrom and Morrison nor any of their deposition testimony offered opinions on the merits of Plaintiffs' partisan gerrymander claims under the First Amendment or Equal Protection Clause (Counts V and VI). Therefore, Plaintiffs' experts should be barred from offering any opinion on the partisan gerrymander claims at the hearing in this matter.

As part of the proposed pre-trial disclosures filed on November 7, 2011, Plaintiffs submitted an exhibit list containing dozens of exhibits that were neither referenced nor relied upon by Plaintiffs' experts, either in their reports previously disclosed pursuant to FRCP 26(a)(2), or during their depositions. These unreferenced exhibits fall into four general categories: (a) PVI maps first designed by lay-witness Edward D. Marshall to support Plaintiffs' partisan gerrymander claims; (b) Latino voting age population ("VAP") maps first designed by lay-witness Edward D. Marshall to support Plaintiffs' racial gerrymander claims; (c) scholarly articles; and (d) third party e-mails, legislative transcripts and documents regarding Illinois politicians. These materials are now untimely produced, and Plaintiffs' counsel did not confirm prior to the filing of this motion that their experts would not seek to opine or comments on any of these exhibits.

First, Plaintiffs' exhibits include analytic maps in support of their partisan gerrymander claims created by Marshall, a non-expert witness. His maps purport to show how districts and cities in the Adopted Plan fare under the Partisan Voting Index ("PVI"), a methodology Marshall used to derive PVI scores for each of the districts. (*See* P-80 to P-87 listed in [Proposed] Pre-Hearing Order, Dkt 108 at 12 of 23). In his affidavit, Marshall states that the PVI index purports to measure the success of a Republican or Democratic candidate in a district. Plaintiffs have also included as exhibits a report and almanac definition regarding the PVI index. (Dkt 108 at 10-11 of 23: P-44, P-53). Plaintiffs' experts should be barred from testifying regarding these PVI exhibits or offering any testimony on PVI, as the partisan gerrymander claims and PVI exhibits were not a subject of their expert reports or testimony. (Defendants have simultaneously filed Motion in *Limine* #1 to bar any references to PVI in the permanent injunction motion and at hearing, but were any part of that motion to be denied, Plaintiffs' experts should be barred from

testifying regarding the PVI index.)

Second, Plaintiffs' exhibits include analytic maps purporting to describe the concentrations of Latino population in various parts and districts of Cook County under the 2001 Congressional Map and 2011 Adopted Map. (Dkt 108 at 12 of 23: P-88 to P-93). These maps are offered in support of the racial gerrymander and dilution claims, but were first disclosed only on November 4, 2011, when they were attached to Marshall's affidavit, which itself was filed in support of Plaintiffs' Motion for a Permanent Injunction. In his affidavit, Marshall states that he created these maps. Plaintiffs, however, had previously disclosed Morrison only as their expert to opine about changes in the allocation of Latino population from one map to another. Now, on the eve of trial, Plaintiffs are attempting to supplement Morrison's expert opinion through a lay witness Marshall. Plaintiffs' experts Morrison and Engstrom should be barred from testifying about these maps as they were not part of their expert reports or deposition testimony. (Defendants have simultaneously filed a Motion in *Limine* #2 to bar these analytic maps from being introduced into evidence or testified to by Marshall).

Third, Plaintiffs' exhibits include articles and studies regarding the socioeconomic conditions of Latinos. (Dkt 108 at 10-11 of 23: P-42 to P-43, P-45 to P-52, P-54-to P-55). While Plaintiffs produced these articles and studies to Defendants either on October 19 or 26, 2011, Morrison and Engstrom did not comment on any of these studies or articles in their rebuttal reports filed on October 18, 2011 and they were not the subject of their deposition testimony. Hence, such materials should not be part of Morrison's or Engstrom's hearing testimony as they do not form the basis of their earlier opinions.

Lastly, Plaintiffs' exhibits include e-mails produced by the Illinois Senate, the General Assembly, and the DCCC. (Dkt 108 at 8, 12-13 of 23: P-9 to P-25 and P-96 to P-103). In

addition, Plaintiffs' exhibits include transcripts from the Illinois General Assembly regarding redistricting, articles regarding the Adopted Plan and support for candidates, and a table proffering Congressional Hispanic Caucus Data around the country. (P-26 to P-33, P-56 to P-58, P-109). None of these exhibits were referenced or discussed in Plaintiffs' expert reports or depositions. As such, Plaintiffs' experts should be barred from opining or offering any testimony about these exhibits at trial.

WHEREFORE Defendants respectfully request that Plaintiffs' experts be barred from testifying at the hearing in this matter on Plaintiffs' partisan gerrymander claims, and any of the aforementioned exhibits not previously disclosed under FRCP 26(a)(2)(B) and 26(e)(2).

Dated: November 10, 2011

Respectfully submitted,

THE ILLINOIS STATE BOARD OF ELECTIONS, ET AL.

/s/ Brent Stratton
Attorney for Defendants

Brent D. Stratton
Carl Bergetz
Jon Rosenblatt
Jennifer Zlotow
Office of the Illinois Attorney General
100 West Randolph
Chicago, Illinois 60601
(312) 814-3000