**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| COMMITTEE FOR A FAIR AND BALANCED MAP, *et al.*, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 11-C-5065 |
| v. | ) | |
| | ) | Hon. John D. Tinder |
| ILLINOIS STATE BOARD OF ELECTIONS, *et al.*, | ) | Hon. Joan H. Lefkow |
| | ) | Hon. Robert L. Miller, Jr. |
| | ) | (3-judge court convened pursuant to |
| | ) | 28 U.S. C. § 2284) |
| Defendants. | ) | |

**APPENDIX 1**
**TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION**
**FOR A PERMANENT INJUNCTION**

**A-1 thru A-50**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

COMMITTEE FOR A FAIR AND BALANCED   )
MAP, et al.,   )
   )
       Plaintiffs,   )
   )   Case No. 11-C-5065
   )
       v.   )
   )   Hon. John D. Tinder
ILLINOIS STATE BOARD OF ELECTIONS,   )   Hon. Joan H. Lefkow
et al.,   )   Hon. Robert L. Miller, Jr.
   )   (3-judge court convened pursuant to
       Defendants.   )   28 U.S.C. § 2284)

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiffs, by and through their attorneys and pursuant to FED. R. CIV. P. 26 and Discovery and Preliminary Pre-Trial Order No. 1 entered on August 11, 2011 by the Court in the above-captioned action, hereby submit their objections to Defendants' First Set of Requests for Production, dated September 7, 2011 ("Requests").

## GENERAL OBJECTIONS

1.    Nothing herein shall be construed as an admission by Plaintiffs regarding the competence, admissibility, or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind sought by these Requests. Plaintiffs reserve their rights to challenge the competency, relevance, materiality, and admissibility of any information and/or documents Plaintiffs produce in response to any Request at trial, of this or any other action, or at any subsequent proceeding related to this action or any other action.

2.    Plaintiffs object to each Request to the extent it calls for information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery. To the extent any information or documents

D-6

A1

subject to a privilege or otherwise protected from discovery are produced in response to these Requests, such production is inadvertent and not intended as a waiver.

3.      Plaintiffs object to the Requests to the extent that they prematurely seek information or documents relating to, or reports by, experts retained pursuant to Federal Rule of Civil Procedure 26(a)(2). The Defendants will provide all such materials to the Plaintiffs pursuant to the dictates of the Court's Scheduling Order and the Federal Rules of Civil Procedure.

4.      Plaintiffs object to the Requests to the extent that they seek information or documents relating to, or reports by, experts that are not discoverable pursuant to Federal Rule of Civil Procedure 26(b)(4).

5.      Plaintiffs object to the Requests, including any request, instruction, definition, or directive contained therein, to the extent that it purports to impose any obligations upon Plaintiffs beyond the obligations imposed by the Federal Rules of Civil Procedure, Northern District of Illinois Local Rules, and applicable law.

6.      Plaintiffs object to these Requests to the extent they are unlimited in time or not limited to the time relevant to this litigation on the grounds that such Requests seek information that is neither relevant to any issue in this action nor calculated to lead to evidence relevant to the claims or defenses in this action and is overly broad and unduly burdensome.  Unless otherwise indicated, Plaintiffs will respond for the period January 1, 2010 to the present.

7.      Plaintiffs intend no implied or incidental admissions by their responses to Defendants' Requests for Production.  Whether Plaintiffs answer or object to a Request should not be interpreted as an admission that Plaintiffs accept or admit the existence of any fact(s) set out or assumed by such Request, or that such response or objection constitutes admissible evidence.

2

D-6

Furthermore, whether Plaintiffs answer part or all of any particular Request is not intended and should not be construed as a waiver by Plaintiffs of all or any objections to such Request.

8.      Plaintiffs object to these Requests to the extent they seek disclosure of material or information that is not relevant to the subject matter of this lawsuit, or are not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

9.      Plaintiffs object to the production of any confidential documents or disclosure of confidential information absent an appropriate protective order or confidentiality agreement limiting use of and access to confidential documents or information.  Subject to their objections, Plaintiffs agree to provide information and documents in response to these Requests in accordance with the terms of such a protective order.

10.    Plaintiffs object to these Requests to the extent they seeks the production of documents that would violate the privacy rights of individual Plaintiffs, to the extent such privacy rights are protected by law, contract, or public policy.

11.    Plaintiffs object to these Requests to the extent that they are in any way vague, ambiguous, or lacking in categorization necessary to enable Plaintiffs to determine the identity of documents or information of which the Request seeks production.

12.    Plaintiffs object to these Requests to the extent that they do not identify the documents sought with reasonable particularity, as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.

13.    Plaintiffs object to these Requests to the extent that it seeks electronically stored information ("ESI") that is not reasonably accessible to Plaintiffs, including but not limited to

D-6

A3

archived and backup ESI, on the ground that such requests are overly broad and unduly burdensome, and would impose significant costs on Plaintiffs.

14.     Plaintiffs object to these Requests to the extent they seek information and/or documents beyond the possession, custody, or control of Plaintiffs and/or seek information and/or documents that are already known or available to Defendants from third parties or public sources or are within the possession, custody, or control of Defendants.

15.     Plaintiffs object to these Requests, including any document request, instruction, definition, or directive contained therein, to the extent that they seek information that is more properly obtained through other means of discovery.

16.     Plaintiffs object to these Requests, including any document request, instruction, definition, or directive contained therein, to the extent that it makes assumptions about or characterizes facts or law. Thus, any response or production by Plaintiffs does not constitute any agreement with, or acceptance of, any such assumptions or characterizations.

17.     Plaintiffs' production of documents or information in response to the Requests is not intended to be construed as an acknowledgement that the requested information is relevant or admissible.

18.     The definitions of "you," "your," "Defendants" and "Plaintiffs" make every request using these terms overly broad and unduly burdensome. Plaintiffs expressly object to the definition of "Plaintiffs" to the extent that it purports to include any person or entity other than Plaintiffs.

19.     Plaintiffs objects to the use of the term "all" documents in the Requests on the grounds of burden to the extent that it could be construed as calling for the repeated production of identical versions of the same document. This would be unnecessary and unduly burdensome.

4

20.    Plaintiffs object to the definition of the term "Document" as vague, overly broad, unduly burdensome in that it could be construed as calling for the repeated production of identical versions of the same document, and not reasonably calculated to lead to the discovery of admissible evidence.

21.    Plaintiffs object to the definition of the term "Latino Opportunity District" as vague and ambiguous.

22.    Plaintiffs' response that documents will be produced means that Plaintiffs will produce documents responsive to a Request if they exist, are found in Plaintiffs' possession, custody, or control following a reasonable search, and are not privileged or otherwise protected from discovery.

23.    Plaintiffs reserve the right to assert additional general and specific objections to the production of information and/or documents as appropriate and to supplement these objections and responses. Plaintiffs also reserve the right to assert additional general and specific objections arising from matters discovered during the course of this litigation.

24.    Plaintiffs' investigation is on-going. Plaintiffs expressly reserve their right to supplement, amend, or otherwise modify their responses as they discover additional information during this litigation.

25.    Each of the above-stated General Objections is incorporated by reference into each and every specific objection and response below as though full stated therein. The fact that an answer is given or document provided does not waive any general or specific objection. Subject to and without waiving the foregoing General Objections, Citizen Plaintiffs further respond to Defendants' specific Requests below.

D-6

## SPECIFIC OBJECTIONS AND RESPONSES

<u>Request No. 1</u>:

All documents relating to the origination, organization, donors, funding, financing, or monetary or in-kind contributions to The Committee for a Fair and Balanced Map.

**ANSWER to Request No. 1**:

In addition to the foregoing General Objections, Plaintiffs object to Request No. 1 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 1 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is not discoverable. Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will produce non-privileged documents relating to the origination and organization of the Committee. Investigation continues.

<u>Request No. 2</u>:

All documents which relate to district by district demographics, including but not limited to VAP or CVAP demographics by percentages and numbers by district, of Plaintiffs' Plan or any other potential or proposed Illinois Congressional Redistricting plan or map generated or considered by You.

**ANSWER to Request No. 2:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 2 as overly broad and not reasonably calculated to lead to the discovery of admissible. Plaintiffs also object to Request No. 2 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs specifically object to the term "district demographics" as overbroad, and interpret this term to refer to information regarding age, citizenship, race, ethnicity, national origin, and any relevant political party affiliation or registration and voting data. Plaintiffs further object that Request No. 2 seeks information

6

regarding "CVAP" because, on information and belief, the question of citizenship status was not asked as part of the 2010 Census. Any estimate of 2010 CVAP would therefore likely be derived from the American Community Survey and would involve data that possesses confidence intervals that are too wide to provide a meaningful comparison at most levels of geography. Plaintiffs also object to Request No. 2 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 2 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will produce non-privileged documents responsive to Request No. 2. Further, in response to Request No. 2, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-privileged materials on which Plaintiffs' experts relied, which Plaintiffs are producing, and the following websites containing data on which Plaintiffs' experts relied:

> http://www2.census.gov/census_2010/04-Summary_File_1/Illinois/

> http://www2.census.gov/census_2000/datasets/Summary_File_1/Illinois/

> ftp://ftp.census.gov/census_1990/

Investigation continues.

<u>Request No. 3:</u>

All documents which relate to precinct assignments of all districts, including but not limited to split precinct assignments and reports of precinct and split precinct assignments, of the maps and documents attached as Plaintiffs' Plan or any other potential or proposed Illinois Congressional Redistricting plan or map generated or considered by You.

ANSWER to Request No. 3

In addition to the foregoing General Objections, Plaintiffs object to Request No. 3 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

7

Plaintiffs also object to Request No. 3 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs also object to Request No. 3 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 3 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will produce non-privileged documents responsive to Request No. 3, limited to those materials within the Plaintiffs' possession, custody, and control. Further, in response to Request No. 3, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation, and the non-privileged materials on which Plaintiffs' experts relied, which Plaintiffs are producing. Investigation continues.

**Request No. 4:**

All documents, including but not limited to, reports, analyses, election results, population data, or other election data, pertaining or relating to the planning, development, preparation, negotiation, drawing, or revision of Plaintiffs' Plan or any other potential or proposed Illinois Congressional Redistricting plan or map generated or considered by You.

**ANSWER to Request No. 4**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 4 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 4 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine. Plaintiffs further object to Request No. 4 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 4 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to

8

and without waiving any General Objections or the foregoing objections, Plaintiffs will provide
non-privileged documents relied upon by Plaintiffs' designated experts. Further, in response to
Request No. 4, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this
litigation, and the following websites containing data on which Plaintiffs' experts relied:

> http://www2.census.gov/census_2010/04-Summary_File_1/Illinois/
>
> http://www2.census.gov/census_2000/datasets/Summary_File_1/Illinois/
>
> ftp://ftp.census.gov/census_1990/

Investigation continues.

### Request No. 5:

All documents, including but not limited to, reports, analyses, election results, population
data, or other election data, pertaining or relating to the analysis and assessment of the
Congressional Map or the formulation and development of the claims and allegations in the
Complaint and supporting evidence for those claims and allegations.

### ANSWER to Request No. 5:

In addition to the foregoing General Objections, Plaintiffs object to Request No. 5 as
overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of
admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to
Request No. 5 as seeking material that is protected by the attorney-client privilege and/or the work
product doctrine. Plaintiffs further object to Request No. 5 as prematurely seeking information or
documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of
Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 5 to the extent that it seeks
information or documents that are not discoverable under Federal Rule of Civil Procedure
26(b)(4). Subject to and without waiving any General Objections or the foregoing objections,
Plaintiffs will provide all non-privileged documents relied upon by Plaintiffs' designated experts.
Further, in response to Request No. 5, Plaintiffs direct Defendants to the expert reports served by

9

D-6

Plaintiffs in this litigation, and the following websites containing data on which Plaintiffs' experts relied:

http://www2.census.gov/census_2010/04-Summary_File_1/Illinois/

http://www2.census.gov/census_2000/datasets/Summary_File_1/Illinois/

ftp://ftp.census.gov/census_1990/

Investigation continues.

**Request No. 6:**

Any analysis, review, study, or consideration undertaken by any expert, consultant, or other Person relating to voter choices of Latinos, Whites, and African-Americans in Illinois elections. This request is not temporally limited.

**ANSWER to Request No. 6:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 6 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 6 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 6 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 6 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide all non-privileged documents relied upon by Plaintiffs' designated experts. Further, in response to Request No. 6, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation. Investigation continues.

D-6

**Request No. 7:**

All documents relating to any analysis of voter behavior, either candidate preference or turnout, of Latinos, Whites, and African-Americans in Illinois elections. This request is not temporally limited.

**ANSWER to Request No. 7:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 7 as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 7 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs specifically object to the term "voter behavior" as over broad, and seek to clarify their interpretation of this term to mean voters' candidate preference and voter turnout. Plaintiffs further object that Request No. 7 is overbroad in that it is not temporally limited. Plaintiffs further object to Request No. 7 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 7 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged documents responsive to Request No. 7 dated January 1, 2002 to the present. Further, in response to Request No. 7, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation. Investigation continues.

**Request No. 8:**

All documents, including without limitation, all data files or any other data type, related to election and/or voter data: election Redistricting software, including, but not limited to, Maptitude and AutoBound shapefiles and data, and/or data from any other District mapping software program(s); Core Report and Compactness report data: and all 2010 Census data used for the purpose of planning and drawing Plaintiffs' Plan or any other potential or proposed Illinois

11

D-6

Congressional Redistricting plan or map generated or considered by You. This Request includes, but is not limited to, data in draft and final form.

**ANSWER to Request 8:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 8 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 8 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs also object to Request No. 8 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Plaintiffs further object to Request No. 8 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs further object to Request No. 8 as unduly burdensome to the extent that it calls for the production of materials not within the Plaintiffs' possession, custody, control. Subject to and without waiving any General Objection or the foregoing objections, Plaintiffs will produce non-privileged documents responsive to Request No. 8. Further, in response to Request No. 8, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation. Investigation continues.

**Request No. 9:**

All documents that analyze, refer to or relate to the Compactness of any of the Districts of Plaintiffs' Plan or any other potential or proposed Illinois Congressional Redistricting plan or map generated or considered by You, including but not limited to the Circularity Ratio and results of the Schwartzberg Tests and Core Report for each of the Districts of Plaintiffs' Plan or any other potential or proposed Illinois Congressional Redistricting plan or map generated or considered by You.

D-6

**ANSWER to Request No. 9:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 9 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 9 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 9 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 9 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Plaintiffs further object to Request No. 9 as unduly burdensome to the extent that it calls for the production of materials not within the Plaintiffs' possession, custody, or control. Subject to and without waiving any General Objection or the foregoing objections, Plaintiffs will produce non-privileged documents responsive to Request No. 9. Further, in response to Request No. 9, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation. Investigation continues.

**Request No. 10:**

All documents that analyze, refer to or relate to the Compactness of any of the Districts of the Congressional Map, including but not limited to the Circularity Ratio and results of the Schwartzberg Tests and Core Report for each of the Districts of the Congressional Map.

**ANSWER to Request No. 10:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 10 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 10 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and

13

D-6

therefore is non-discoverable. Plaintiffs further object to Request No. 10 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 10 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Plaintiffs also object to Request No. 10 as unduly burdensome to the extent that it calls for the production of materials not within the Plaintiffs' possession, custody, or control. Subject to and without waiving any General Objection or the foregoing objections, Plaintiffs will produce non-privileged documents responsive to Request No. 10. Further, in response to Request No. 10, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation. Investigation continues.

**Request No. 11:**

All maps and drawings including drafts of any Districts of Plaintiffs' Plan or any other potential or proposed Illinois Congressional Redistricting plan or map generated or considered by You.

**ANSWER to Request No. 11:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 11 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs further object to Request No. 11 as unduly burdensome to the extent that it calls for the production of materials not within the Plaintiffs' possession or control. Plaintiffs also object to Request No. 11 to the extent that it asks for material protected by the attorney-client privilege or the work product doctrine. Plaintiffs further object to Request No. 11 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 11 to the extent that it seeks information or documents that are not

14

D-6

discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objection or the foregoing objections, Plaintiffs will produce non-privileged documents responsive to Request No. 11. Investigation continues.

<u>Request No. 12:</u>

All maps including drafts that show all precincts within each District and precincts split between Districts.

**ANSWER to Request No. 12:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 12 as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs further object to Request No. 12 as duplicative of other discovery. Plaintiffs also object to Request No. 12 to the extent that it asks for material that is protected by the attorney-client privilege or the work product doctrine and therefore is non-discoverable. Plaintiffs also object to Request No. 12 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 12 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will produce non-privileged documents responsive to Request No. 12, limited to those materials within the Plaintiffs' possession and control. Investigation continues.

<u>Request No. 13:</u>

All documents relating to or containing reports or opinions of any expert, consultant, or other Person that You reviewed, to which You referred, on which You relied, which You used, or on which You plan to rely or use to support the allegations and claims of the Complaint and the composition of Plaintiffs' Plan or any other potential or proposed Illinois Congressional Redistricting plan or map generated or considered by You.

**ANSWER to Request No. 13:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 13 as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 13 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 13 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 13 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged documents relied upon by Plaintiffs' designated experts. Further, in response to Request No. 13 Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation. Investigation continues.

**Request No. 14:**

Any analysis, review, study, or consideration undertaken by any expert, consultant, or other Person relating to the viability of drawing one or more VAP Latino Majority District, CVAP Latino Majority District or Latino Opportunity District in Illinois.

**ANSWER to Request No. 14:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 14 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 14 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs object on the additional ground that the term "Latino Opportunity District" is vague and ambiguous. Plaintiffs further object to Request No. 14 as

16

D-6

prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 14 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Plaintiffs further object that Request No. 14 seeks information regarding "CVAP" because, on information and belief, the question of citizenship status was not asked as part of the 2010 Census. Any estimate of 2010 CVAP would therefore likely be derived from the American Community Survey and would involve data that possesses confidence intervals that are too wide to provide a meaningful comparison at most levels of geography. Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide all non-privileged documents relied upon by Plaintiffs' designated experts. Further, in response to Request No.14, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation. Investigation continues.

### Request No. 15:

Any analysis, review, study, or consideration undertaken by any expert, consultant, or other Person relating to whether the Congressional Map complies with Section 2 of the Voting Rights Act of 1965, 42 U.S.C. §1973, the U.S. Constitution, or the Illinois Constitution.

### ANSWER to Request No. 15:

In addition to the foregoing General Objections, Plaintiffs object to Request No. 15 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 15 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 15 to the extent that the request purports to ask for legal conclusions, and as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of

17

D-6

Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 15 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged documents relied upon by Plaintiffs' designated experts. Further, in response to Request No. 15, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation. Investigation continues.

**Request No. 16:**

Any analysis, review, study, or consideration undertaken by any expert, consultant, or other Person relating to whether Plaintiffs Plan or any other potential or proposed Illinois Congressional Redistricting plan complies with Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973, the U.S. Constitution, or the Illinois Constitution.

**ANSWER to Request No. 16:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 16 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 16 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 16 to the extent that the request purports to ask for legal conclusions, and as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 16 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged documents relied upon by Plaintiffs' designated experts. Further, in response to Request No. 16, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation. Investigation continues.

D-6

**Request No. 17:**

All documents reviewed by, considered, generated by or relied upon by any expert, consultant, or other Person in forming an opinion relating to any of the claims or allegations in the Complaint.

**ANSWER to Request No. 17:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 17 as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 17 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 17 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 17 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged documents relied upon by Plaintiffs' designated experts. Further, in response to Request No. 17, Plaintiffs direct Defendants to the expert reports served in this litigation, and the following websites containing data on which Plaintiffs' experts relied:

> http://www2.census.gov/census_2010/04-Summary_File_1/Illinois/
>
> http://www2.census.gov/census_2000/datasets/Summary_File_1/Illinois/
>
> ftp://ftp.census.gov/census_1990/

Investigation continues.

**Request No. 18:**

All information or documents provided to Your expert or consultant to review or consider relating to the claims and allegations of the Complaint.

19

A19

D-6

**ANSWER to Request No. 18:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 18 as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 18 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 18 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 18 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged documents relied upon by Plaintiffs' designated experts. Further, in response to Request No. 18, Plaintiffs direct Defendants to the expert reports served by the Plaintiffs in this litigation, and the following websites containing data on which Plaintiffs' experts relied:

> http://www2.census.gov/census_2010/04-Summary_File_1/Illinois/
>
> http://www2.census.gov/census_2000/datasets/Summary_File_1/Illinois/
>
> ftp://ftp.census.gov/census_1990/

Investigation continues.

**Request No. 19:**

All documents that reflect any agreement to engage any expert, consultant, or other Person for the purposes of reviewing, analyzing, critiquing, or assessing the Congressional Map; formulating, developing or providing supporting evidence for the claims and allegations in the Complaint; or in the planning, preparing, drawing, revising, analyzing, or providing supporting evidence for Plaintiffs' Plan or any other potential or proposed Illinois Congressional Redistricting plan or map generated or considered by You.

20

D-6

**ANSWER to Request No. 19:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 19 as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 19 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 19 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 19 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4).

**Request No. 20:**

All records of payment to any expert, consultant, or other Person who reviewed, commented on, advised, or otherwise rendered any advice, input, or opinion concerning the Congressional Map, the Complaint, or Plaintiffs' Plan or any other potential or proposed Illinois Congressional Redistricting plan or map generated or considered by You.

**ANSWER to Request No. 20:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 20 as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 20 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 20 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 20 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the

21

D-6

A21

foregoing objections, Plaintiffs will provide non-privileged documents relied upon by Plaintiffs' designated experts. Investigation continues.

**Request No. 21:**

All documents relating to any complaints, comments, or suggestions made by any Person, including but not limited to Latinos and Interest Groups, that You received or are in Your possession, custody, or control relating to the Congressional Map, the Congressional Redistricting Process, or any allegations or claims in the Complaint.

**ANSWER to Request No. 21:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 21 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 21 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 21 as seeking information that is already in the public record.

**Request No. 22:**

All documents relating to the claims and allegations in paragraph 2 of the Complaint.

**ANSWER to Request No. 22:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 22 as overly broad. Plaintiffs also object to Request No. 22 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 22 to the extent that it mischaracterizes the allegations contained in the Complaint. Plaintiffs further object to Request No. 22 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 22 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil

22

D-6

Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 22. Further, in response to Request No. 22, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-privileged material on which Plaintiffs' designated experts relied, which Plaintiffs are producing. Investigation continues.

**Request No. 23:**

All documents relating to the claims and allegations in paragraphs 38 through 46 of the Complaint.

**ANSWER to Request No. 23:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 23 as overly broad. Plaintiffs also object to Request No. 23 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 23 to the extent that it mischaracterizes the allegations contained in the Complaint. Plaintiffs further object to Request No. 23 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 23 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 23. Investigation continues.

**Request No. 24:**

All documents relating to the claims and allegations in paragraphs 47 through 58 of the Complaint.

23

D-6

**ANSWER to Request No. 24:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 24 as overly broad. Plaintiffs also object to Request No. 24 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 24 to the extent it mischaracterizes the allegations contained in the Complaint. Plaintiffs further object to Request No. 24 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 24 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 24. Further, in response to Request No. 24, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation, non-privileged documents relied upon by Plaintiffs' experts, which Plaintiffs are producing, and the following websites containing data on which Plaintiffs' experts relied:

http://www2.census.gov/census_2010/04-Summary_File_1/Illinois/

http://www2.census.gov/census_2000/datasets/Summary_File_1/Illinois/

ftp://ftp.census.gov/census_1990/

Investigation continues.

**Request No. 25:**

All documents relating to the claims and allegations in paragraphs 59 through 68 of the Complaint.

**ANSWER to Request No. 25:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 25 as overly broad. Plaintiffs also object to Request No. 25 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 25 to the extent it mischaracterizes the allegations contained in the Complaint. Plaintiffs further object to Request No. 25 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 25 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 25. Further, in response to Request No. 25, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-privileged material on which Plaintiffs' experts relied, which Plaintiffs are producing. Investigation continues.

**Request No. 26:**

All documents relating to the claims and allegations in paragraphs 69 through 101 of the Complaint.

**ANSWER to Request No. 26:**

In addition to the foregoing General Objections, Plaintiffs object to this request as overly broad. Plaintiffs also object to Request No. 26 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 26 to the extent it mischaracterizes the allegations contained in the Complaint. Plaintiffs further object to Request No. 26 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to

D-6

Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 26 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 26. Investigation continues.

**Request No. 27:**

All documents relating to the claims and allegations in paragraphs 110, 115, and 120 of the Complaint.

**ANSWER to Request No. 27:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 27 as overly broad. Plaintiffs also object to Request No. 27 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 27 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 27 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 27. Further, in response to this Request, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-privileged material on which Plaintiffs' experts relied, which Plaintiffs are producing. Investigation continues.

**Request No. 28:**

All documents relating to the claims and allegations in paragraph 112 of the Complaint that "the Proposed Congressional Plan violates Section 2 of the Voting Rights Act, 42 U.S.C. 1973."

**ANSWER to Request No. 28:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 28 as overly broad. Plaintiffs also object to Request No. 28 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 28 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 28 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Plaintiffs further object to Request No. 28 to the extent it mischaracterizes the allegations contained in the Complaint. Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 28. Further, in response to Request No. 28, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-privileged material on which Plaintiffs' experts relied, which Plaintiffs are producing. Investigation continues.

**Request No. 29:**

All documents analyzing whether one or more Latino Majority Districts can be created in Illinois based on the 2010 Census.

**ANSWER to Request No. 29:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 29 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence that is relevant to the claim or defense of any party. Plaintiffs also object to Request No. 29 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 29 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to

27

D-6

A27

Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 29 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 29. Further, in response to Request No. 29, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-privileged material on which Plaintiffs' experts relied, which Plaintiffs are producing, and the following websites containing data on which Plaintiffs' experts relied:

> http://www2.census.gov/census_2010/04-Summary_File_1/Illinois/
>
> http://www2.census.gov/census_2000/datasets/Summary_File_1/Illinois/
>
> ftp://ftp.census.gov/census_1990/

Investigation continues.

**Request No. 30:**

All documents analyzing whether one or more CVAP Latino Majority Districts can be created in Illinois based on the 2010 Census.

**ANSWER to Request No. 30:**

Plaintiffs object to Request No. 30 as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to Request No. 30 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine. Plaintiffs further object that Request No. 30 seeks information regarding "CVAP" because, on information and belief, the question of citizenship status was not asked as part of the 2010 Census. Any estimate of 2010 CVAP would therefore likely be derived from the American Community Survey and would involve data that possesses confidence intervals that are too wide to provide a meaningful comparison at most levels of geography.

D-6

**Request No. 31:**

All documents relating to the claims and allegations in paragraphs 3, 62, and 125 of the Complaint that Latino ethnicity was the predominant consideration in the creation of District 4 contained in the Congressional Map.

**ANSWER to Request No. 31:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 31 as overly broad. Plaintiffs also object to Request No. 31 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 31 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 31 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Plaintiffs also object to Request No. 31 to the extent that it mischaracterizes the allegations contained in the Complaint. Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 31. Further, in response to Request No. 31, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-privileged material on which Plaintiffs' experts relied, which Plaintiffs are producing. Investigation continues.

**Request No. 32:**

All documents relating to the allegations in paragraphs 4, 67, and 126 of the Complaint that "proposed District 4 is not narrowly tailored to serve an interest in complying with the Voting Rights Act because it includes far more Latinos voters than would be necessary to comply with that law and a Latino majority district can be drawn without racial gerrymandering."

**ANSWER to Request No. 32:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 32 as overly broad. Specifically, Plaintiffs object that paragraph 4 of the Complaint makes no allegation

29

D-6

related to the quoted language. Plaintiffs also object to Request No. 32 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 32 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 32 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Plaintiffs also object to Request No. 32 to the extent it mischaracterizes the allegations contained in the Complaint. Plaintiffs also object to the extent that Request No. 32 purports to ask for legal conclusions. Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 32. Further, in response to Request No. 32, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-privileged material on which Plaintiffs' experts relied, which Plaintiffs are producing. Investigation continues.

**Request No. 33:**

All documents relating, to the allegation in paragraph 1 of the Complaint that the Congressional Map "effectively reverses the results of the 2010 congressional elections by redrawing districts so that the citizens of Illinois that gave Republicans an 11 to 8 advantage in Illinois's congressional delegation would see the state's congressional delegation transformed to one with 12 Democrats and only 6 Republicans."

**ANSWER to Request No. 33:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 33 as overly broad. Plaintiffs also object to Request No. 33 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 33 to the extent it mischaracterizes the allegations contained in the Complaint. Plaintiffs further object to Request No. 33 as prematurely seeking

D-6

information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 33 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 33. Investigation continues.

**Request No. 34:**

All documents relating to the claims and allegations in paragraph 4 of the Complaint.

**ANSWER to Request No. 34:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 34 as overly broad. Plaintiffs also object to Request No. 34 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 34 to the extent the request mischaracterizes the allegations contained in the Complaint. Plaintiffs further object to Request No. 34 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 34 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 34. Investigation continues.

**Request No. 35:**

All documents relating to the claims and allegations in Count I of Complaint.

D-6

**ANSWER to Request No. 35:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 35 as overly broad. Plaintiffs also object to Request No. 35 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 35 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 35 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 35. Further, in response to Request No. 35, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-privileged material on which Plaintiffs' experts relied, which Plaintiffs are producing, and the following websites containing data on which Plaintiffs' experts relied:

http://www2.census.gov/census_2010/04-Summary_File_1/Illinois/

http://www2.census.gov/census_2000/datasets/Summary_File_1/Illinois/

ftp://ftp.census.gov/census_1990/

Investigation continues.

**Request No. 36:**

All documents relating to the claims and allegations in Count II of Complaint.

**ANSWER to Request No. 36:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 36 as overly broad. Plaintiffs also object to Request No. 36 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable.

32

D-6

A32

Plaintiffs further object to Request No. 36 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 36 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 36. Further, in response to Request No. 36, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-privileged material on which Plaintiffs' experts relied, which Plaintiffs are producing, and the following websites containing data on which Plaintiffs' experts relied:

> http://www2.census.gov/census_2010/04-Summary_File_1/Illinois/
>
> http://www2.census.gov/census_2000/datasets/Summary_File_1/Illinois/
>
> ftp://ftp.census.gov/census_1990/

Investigation continues.

### Request No. 37:

All documents relating to the claims and allegations in Count III of Complaint.

### ANSWER to Request No. 37:

In addition to the foregoing General Objections, Plaintiffs object to Request No. 37 as overly broad. Plaintiffs also object to Request No. 36 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 37 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 37 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to

33

D-6

and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 37. Further, in response to Request No. 37, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-privileged material on which Plaintiffs' experts relied, which Plaintiffs are producing, and the following websites containing data on which Plaintiffs' experts relied:

> http://www2.census.gov/census_2010/04-Summary_File_1/Illinois/
>
> http://www2.census.gov/census_2000/datasets/Summary_File_1/Illinois/
>
> ftp://ftp.census.gov/census_1990/

Investigation continues.

**Request No. 38:**

All documents relating to the claims and allegations in Count IV of Complaint.

**ANSWER to Request No. 38:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 38 as overly broad. Plaintiffs also object to Request No. 38 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 38 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 38 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 38. Further, in response to Request No. 38, Plaintiffs direct Defendants to the expert reports served by Plaintiffs in this litigation and non-

privileged material on which Plaintiffs' experts relied, which Plaintiffs are producing, and the following websites containing data on which Plaintiffs' experts relied:

http://www2.census.gov/census_2010/04-Summary_File_1/Illinois/

http://www2.census.gov/census_2000/datasets/Summary_File_1/Illinois/

ftp://ftp.census.gov/census_1990/

Investigation continues.

**Request No. 39:**

All documents relating to the claims and allegations in Count V of Complaint.

**ANSWER to Request No. 39:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 39 as overly broad. Plaintiffs also object to Request No. 39 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 39 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 39 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to Request No. 39. Investigation continues.

**Request No. 40:**

All documents relating to the claims and allegations in Count VI of Complaint.

**ANSWER to Request No. 40:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 40 as overly broad. Plaintiffs also object to Request No. 40 as seeking material that is protected by the

35

D-6

attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs further object to Request No. 40 as prematurely seeking information or documents relating to, or reports by, experts obtained by Plaintiffs pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiffs also object to Request No. 40 to the extent that it seeks information or documents that are not discoverable under Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs will provide non-privileged materials responsive to this request. Investigation continues.

**Request No. 41:**

All documents identified in or relied upon in Your answers to Defendants' Interrogatories.

**ANSWER to Request No. 41:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 41 as overly broad. Plaintiffs also object to Request No. 41 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs also object to Request No. 41 as duplicative of other discovery. Subject to and without waiving any General Objections or the foregoing objections, Plaintiffs refer Defendants to other non-privileged material produced in response to these Requests. Investigation continues.

**Request No. 42:**

All documents that support Your responses to Defendants' Requests for Admission.

**ANSWER to Request No. 42:**

In addition to the foregoing General Objections, Plaintiffs object to Request No. 42 as overly broad. Plaintiffs also object to Request No. 42 as seeking material that is protected by the attorney-client privilege and/or the work product doctrine and therefore is non-discoverable. Plaintiffs also object to Request No. 4 as duplicative of other discovery. Subject to and without

waiving any General Objections or the foregoing objections, Plaintiffs refer Defendants to other non-privileged material produced in response to these Requests. Investigation continues.

Dated: September 19, 2011

Respectfully submitted,

COMMITTEE FOR A FAIR AND BALANCED MAP, *ET AL*.

/s/ Dana S. Douglas
One of Their Attorneys

Tyrone C. Fahner
John A. Janicik
Lori E. Lightfoot
Joshua D. Yount
Dana S. Douglas
Thomas V. Panoff
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
(312) 782-0600
(312) 701-7711 — fax

*Attorneys for Plaintiffs*

37·

D-6

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2011, I caused a true and correct copy of Plaintiffs'

Objections to Defendants' First Set of Requests for Production to be served upon the following

counsel via electronic mail:

> Brent D. Stratton
> Carl Bergetz
> Jon Rosenblatt
> Office of the Illinois Attorney General
> 100 West Randolph Street
> Chicago, Illinois 60601
> (312) 814-3000

> /s/ Dana S. Douglas
> Dana S. Douglas
> Attorney for Plaintiffs

38

A38

D-6



THE COMMITTEE FOR A
# Fair & Balanced Map

■ Latest Headlines
Republicans sue to get Democrats' details on congressional map

## Concerned Citizens File Federal Lawsuit Challenging Illinois Democrats' Congressional Redistricting Map

CHICAGO, IL - The Committee for a Fair and Balanced Map today joined Republican members of the Illinois Congressional Delegation and other concerned citizens as plaintiffs in federal court seeking declarative and injunctive relief to prevent the state of Illinois from sanctioning elections under the Democrats' congressional redistricting map recently passed by the Democratically -controlled legislature and signed by Governor Pat Quinn. Click here to view full press release.

### You can help the effort to outline a better map!

Sign up for our free email updates and we'll keep you informed of important developments you should know regarding the redistricting of the congressional map of Illinois

**Subscribe to our e-newsletter today** Your Email Address

Donate Today!

A39

D-21



congressional map of Illinois

Subscribe to our e-newsletter today

## Donate Today!

The Committee for a Fair and Balanced Map is organized as a nonprofit corporation and has applied for recognition of tax-exempt status under section 501(c)(4) of the Internal Revenue Code. The organization is dedicated to creating a congressional district map that accurately reflects the will of the people of Illinois. Help us alert others about the need for a Fair and Balanced Map.

Paid for by the Committee for a Fair and Balanced Map. Contributions to the Committee for a Fair and Balanced Map are not tax-deductible for federal income tax purposes.

Home | About | Join | News | Donate | Contact Us
Copyright 2011 Committee for a Fair and Balanced Map

A40

D-21



## Fair & Balanced Map

**Latest Headlines**

### About Us

The Committee for a Fair and Balanced Map is an independent organization created by Illinois citizens who are concerned about the Congressional redistricting process here in Illinois.

Together we are committed to ensuring laws that all Illinois voters have an opportunity to elect the representatives they chose – not those forced upon them by political power-brokers in Springfield. We will explore every option available to us to protect Illinois voters, preserve communities of interest, and empower the democratic process.

With your help, we can ensure that Illinois benefits from a Congressional map that preserves fair elections and reflects the will of the people.

After all, your vote should count.

### Fact Sheet on Proposed Congressional Map

The Congressional redistricting map passed by the Illinois General Assembly produces congressional maps with the Constitution and federal law to purchase advantage. Listed here are some of the map's biggest deficiencies.

Congressional districts are not compact as required by the Constitution.

- This map includes three "counties" (Chicago (5, 11 and 4) drawn not to advance a narrowly drawn but to protect Democratic officeholders.
- This map violates state precedent, breaking districts (4, 7 and 1), which do not comply with prior natural redistricting precedents that the Constitution mandates that districts be compact.

This map favors the shrinking City of Chicago over the growing suburbs.

- This map was drawn to concentrate and favor suburbs in suburban Cook and DuPage counties by carving up communities of interest and older counties and numerous Congressional districts.
- The 2010 census showed that Chicago lost approximately 200,600 people, yet the City is given an additional Congressional district under this proposed map.

This map is unfair to protected minority populations.





D-21





D-21



GOP criticizes district map

July 3, 2011, THETELEGRAPH.com - Republican U.S. House members are voting to fight a new map for Illinois congressional districts that splits Madison County, no like a piece of Republican pie cream. Read More

How Duckworth made seat in 11th

July 3, 2011, PATAR.com - Each of the three metropolitan regions included in the newly minted 11th Congressional District now has a Democratic candidate running for the seat. Read More

Duckworth eyeing another congressional bid?

July 1, 2011, DAILYHERALD.com - Hoffman Estates Democrat Tammy Duckworth, the Iraq veteran who was a high-profile candidate for Congress in Republican Peter Roskam in 2006, might be eyeing Washington again. Read More

Tammy Duckworth moving closer to congressional run

July 1, 2011, KSATNEWS.com - Tammy Duckworth snapped up desks at the Veterans Affairs Department on Thursday and a truck-of-Hoffman Estates-Railey making calls about a potential 8th congressional district run. Read More

AM John Williams with Dennis Hastert on Congressional Map

AM Ron and Roeper with Dennis Hastert on Congressional Map

Map signed by Quinn shows need for reform

June 30, 2011, PANTAGRAPH.com - Gov. Pat Quinn used a pen to sign a bill drawing new boundaries for congressional districts. A lawyer could have been more aggressive. Read More

Quinn approves controversial map for redrawn congressional districts

June 30, 2011, KSATNEWS.com - Disagreeing in angry GOP outcry, Gov. Quinn Friday signed a Democrat-drawn set of new congressional boundaries that could benefit fellow Democrats gains from 2010. Read More

Illinois redistricting plan, Duffy v. Lira?

May 31, 2011, THEHUFFINGTONPOST.com - State legislators in Illinois are in the process of pushing through a redistricting plan that could clean out of the biggest challenges to a congressional delegation in history. Read More





D-21



D-21



D-21