IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMITTEE FOR A FAIR AND BALANCED MAP, et al., </br>        Plaintiffs, </br>v. </br></br>ILLINOIS STATE BOARD OF ELECTIONS, et al., </br></br>        Defendants. | ) </br> ) </br> ) </br> ) Case No. 1:11-cv-05065 </br> ) </br> ) Hon. John Daniel Tinder </br> ) Hon. Joan Humphrey Lefkow </br> ) Judge Robert L. Miller, Jr. </br> ) </br> ) (3-judge court convened pursuant </br> ) to 28 U.S.C. § 2284) |

**CORRECTED DEFENDANTS' SUBMISSION REGARDING PROPOSED
EXTENSION OF PETITION ACCEPTANCE PERIOD**

Defendants, Illinois State Board of Elections, *et al.*, by their attorneys, respectfully make this corrected submission (inserting "not" on page 5, line 17) to aid the Court in its consideration of whether to extend the period during which the Illinois State Board of Elections ("Board") accepts nominating petitions for the 2012 Congressional races.

During the November 17, 2011 hearing in this matter, the Court asked questions relevant to whether the Court should enter an order extending the petition acceptance period, currently set for November 28 through December 5, 2011. Defendants believe it would assist the Court in its consideration of this issue to set out the relevant dates and deadlines and to explain why extending the petition acceptance period would not address the Court's concerns and in fact would do more harm than good.

1

## Existing Schedule

Under State law, the relevant upcoming dates and deadlines are as follows:

| | |
|---|---|
| Nov. 28 – Dec. 5, 2011 | Petition acceptance period |
| Dec. 12, 2011 | Last day to file objections to petitions |
| Dec. 12, 2011 – Jan. 11, 2012 | Resolution of objections |
| Jan. 12, 2012 | Last day for Board to certify all candidates on the ballot |
| Jan. 12 – Feb. 3, 2012 | Period for local election authorities to print ballots |
| **Feb. 4, 2012** | **Last day for election authorities to mail absentee ballots to voters in the military and overseas, per federal law and consent decree in *U.S. v. Illinois*, No. 10-cv-6800 (Hibbler, J.)** |
| Mar. 20, 2012 | Primary election |

## This Court's August 23, 2011 Order

The question of whether to extend the petition acceptance period arose early in this case. The Court ultimately entered an order on August 23, 2011 (Doc. No. 38), which does not extend the petition acceptance period but instead addresses the uncertainty surrounding the circulation of petitions in the midst of litigation by means that more directly address the potential uncertainty. In the Order, the Court declares invalid any objection to a signature solely because, in the event the district boundaries change as a result of the litigation, the voter is no longer a resident of the district where he or she lived at the time the voter signed a petition. The August 23 Order also declares invalid any objection to a petition solely because the Congressional District identified in the heading of the petition is different than the District for which the candidate ultimately is seeking nomination.

The Court's order, therefore, protects both candidates and voters throughout the election process from having signatures invalidated solely because the district boundaries might change. The Court's order allows candidates to freely collect signatures without fear that a change in boundaries will invalidate petition signatures or make it impossible to run in a different district because the boundaries are changed. The Court's order gives candidates and voters more certainty, not less, with respect to the collection of signatures.

Although a couple of the Congressmen who testified on November 17, 2011 told the Court that there is uncertainty as to where or over what time period candidates can circulate petitions, the August 23 Order clearly allows candidates to circulate petitions when and where permitted under existing State law. The August 23 Order also clearly informs candidates that they may circulate petitions without risking the invalidation of signatures because of potential boundary changes.

Extending the petition acceptance period would not provide candidates or voters with any more protection against uncertainty than is already provided under this Court's August 23 Order. Under the Order, candidates can collect signatures, submit petitions, respond to objections and ultimately be placed on the ballot, all without potential boundary changes affecting any part of that process.

There is one potential scenario that the August 23 Order does not address, and which could be addressed through an amendment of that Order rather than by an extension of the petition acceptance period. The potential scenario is this: Candidate A submits with her petitions a statement of candidacy for District 7; as a result of boundary changes, Candidate A decides that she would prefer to run in District 9. To address this scenario, the Court could amend the August 23 Order to allow Candidate A to file, before the date of ballot certification, a new statement of

3

candidacy for District 9 and to allow her to use the petitions filed with her statement of candidacy for District 7. That way, even if boundaries change, no candidate would need to circulate new petitions to run in a different, re-drawn district. Again, this potential uncertainty can be addressed by amending the Court's August 23 Order and does not require an extension of the petition acceptance period.

Beyond not addressing uncertainty, extending the petition acceptance period would have serious consequences – not with respect to the circulation and filing of petitions, but with the later deadlines that lead up to the primary election. As set out above, after the Board accepts the petitions, there are only five weeks to resolve all objections before the Board must certify the ballots. Following certification is a short period for printing ballots and then a set-in-stone February 4, 2012 deadline, per federal law and a federal consent decree, for mailing absentee ballots to overseas and military voters.

If, for example, the Court were to extend the petition acceptance deadline from December 5, 2012 to January 5, 2012, that would leave only one week instead of five weeks to file and resolve all objections and to certify ballots. Or, if the objection deadlines are extended because of an extension of the petition acceptance period, then the local election authorities will have insufficient time to print ballots before the February 4 mailing deadline. And, this assumes that the Court changes no boundaries and that there are no further delays due to an appeal. If boundaries are changed, then the statutory deadlines are even more in peril.

### *U.S. v. Illinois* Consent Decree

Defendants wish to emphasize that the hardest of deadlines – one which drives all others – is the February 4, 2012 deadline for mailing overseas and military ballots. That deadline is based on federal law – the requirements of the Uniformed and Overseas Citizens Absentee

Voting Act ("Act"), 42 U.S.C. §§ 1973ff to 1973ff-7 – which was the subject of the federal government's lawsuit against the State and resolved as part of a consent decree entered by Judge Hibbler on October 22, 2010. The Act and the consent decree require the State to mail absentee ballots to overseas and military voters no later than 45 days before an election, which for the March 20 primary means February 4. If the Court extends the petition acceptance period such that the Board and local election authorities are not able to mail ballots by February 4, then the Defendants will be in violation of the consent decree and federal law.

## Conclusion

Defendants acknowledge that there is potential confusion among candidates and voters regarding the boundaries that will be in force at the end of this litigation. But, that confusion is a product of the challenge to the approved map, not the deadlines for filing nominating petitions. And, this Court's August 23 Order already does as much as can be done to protect the validity of signatures and a candidate's flexibility as to where to seek nomination. Extending the petition acceptance period would not provide additional protection or reduce confusion, but would create additional pressure on later deadlines.

Defendants also acknowledge that this Court requires sufficient time to write its opinion following the trial of this matter, and Defendants' resistance to extending the petition acceptance period is <u>not</u> based on a desire to shorten the Court's time for issuing an opinion. But, it will be the passage of time before the Court rules – and not the closing of the petition acceptance period on December 5 – that will put pressure on later deadlines leading up to the primary election. Extending the petition acceptance period will not relieve the separate pressure on later deadlines that will result from the necessary allowance of time for the Court to rule.

WHEREFORE, Defendants respectfully request that the Court not extend the petition acceptance period beyond December 5, 2012, but rather amend the August 23, 2011 Order as suggested herein.

Dated: November 17, 2011             Respectfully submitted,

THE ILLINOIS STATE BOARD OF ELECTIONS, ET AL.


                                            /s/ Brent D. Stratton
                                           Attorney for Defendants

Brent D. Stratton
Carl Bergetz
Jon Rosenblatt
Jennifer Zlotow
Office of the Illinois Attorney General
100 West Randolph
Chicago, Illinois 60601
(312) 814-3000

## CERTIFICATE OF SERVICE

       The undersigned, an attorney of record, hereby certifies that, on November 18, 2011, he caused to be filed through the Court's CM/ECF system a copy of this notice of CORRECTED DEFENDANTS' SUBMISSION REGARDING PROPOSED EXTENSION OF PETITION ACCEPTANCE PERIOD. Parties of record may obtain a copy of this filing through the Court's CM/ECF system.

                                                  /s/ Brent D. Stratton

                                                  Brent D. Stratton